# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSHUA E. COLE,

               Plaintiff,

v.

DR. THOMAS GROSSMAN, JR.,
AGNESIAN HEALTHCARE, INC.,
WAUPUN MEMORIAL HOSPITAL,
WISCONSIN DEPARTMENT OF
CORRECTIONS,
WAUPUN CORRECTIONAL
INSTITUTION, and
WISCONSIN DEPARTMENT OF
JUSTICE,

               Defendants.

Case No. 17-CV-658-JPS

ORDER

      Plaintiff, Joshua E. Cole ("Cole"), who is incarcerated at Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). Cole has paid the full $400.00 filing fee.

      Regardless of Cole's fee status, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S.

319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts; his statement need only "'give the defendant fair notice of what the. . .claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "'labels and conclusions'" or "'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "'that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should first "identif[y] pleadings that, because they are no more than conclusions, are

not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give Plaintiff's *pro se* allegations, "'however inartfully pleaded,'" a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Cole is incarcerated at the Waupun Correctional Institution ("WCI"). He alleges that on March 10, 2016, Dr. Thomas Grossman ("Dr. Grossman") of Waupun Memorial Hospital performed fusion surgery on his right thumb. Cole was not given any instructions for care after the surgery. About a week after the surgery, Cole had "a lot of pain that the pain pills could not touch." (Docket #1 at 3). Staff at WCI performed a culture sample and x-ray, and determined that the hardware inside Cole's thumb was broken and he had an infection that was eating away at his bone tissue. Cole was returned to the hospital, where Dr. Grossman took an x-ray and confirmed that the wire was broken. Dr. Grossman told Cole that "this all went horribly wrong and I'm not sure how to fix it." *Id.* at 4.

Cole refused to go back to Dr. Grossman and he is now seeing a specialist at the University of Wisconsin-Madison. The specialist stated that the wrong hardware was used in Cole's surgery. Cole alleges that he

believes that Dr. Grossman "does this to inmates because of personal feelings that we are lessor than others." *Id.*

As of April 2017, Cole still had an infection in his thumb which causes the bone matter to lessen. He will need several more surgeries because of Dr. Grossman's "disregard." *Id.* Cole will never have good use of his thumb, will never be able to perform the jobs he would normally perform outside of prison, and will be considered disabled. He suffers from physical pain and mental stress every day. For relief, he seeks monetary damages.

The Eighth Amendment "safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (quoting *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009)). Prison officials violate the Constitution if they are deliberately indifferent to prisoners' serious medical needs. *Id.* (citing *Estelle*, 429 U.S. at 103). A claim of deliberate indifference based on deficient medical care must demonstrate two elements: (1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition. *Id.* (citing *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006)).

As an initial matter, because Cole alleges that Dr. Grossman routinely performs medical procedures on inmates, the Court presumes for screening purposes that he is a state actor under 42 U.S.C. § 1983. *See Rodriguez*, 577 F.3d 824–25. Moreover, construing Cole's complaint liberally, which the Court must at this stage, his allegations that Dr. Grossman disregarded his medical needs and may have even deliberately used the wrong hardware during his thumb surgery, states a claim under the Eighth Amendment. *See Arnett*, 658 F.3d at 751; *Roe v. Elyea*, 631 F.3d

843, 857 (7th Cir. 2011) (a prison official acts with a sufficiently culpable state of mind when he knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk).

In addition to Dr. Grossman, Cole also sues several entities, none of which may be held liable on the present allegations. First, he joins Agnesian Healthcare, Inc., and Waupun Memorial Hospital. These private entities may be liable under Section 1983 only if the harm resulted from an official policy, which Cole does not allege. *See Glisson v. Indiana Dep't of Corr.*, 849 F.3d 372, 379 (7th Cir. 2017). Therefore, they must be dismissed. Second, Cole sues the Wisconsin Department of Corrections, the Wisconsin Department of Justice, and WCI. These entities are not "persons" as required under Section 1983. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65 (1989); *Odogba v. Wisconsin Dep't of Justice*, 22 F. Supp. 3d 895, 907–08 (E.D. Wis. 2014). Thus, they too are subject to dismissal.

For the reasons stated above, Cole may proceed on a claim of deliberate indifference to his serious medical needs, in violation of the Eighth Amendment, against Defendant Dr. Thomas Grossman.

Accordingly,

**IT IS ORDERED** that Defendants Agnesian Healthcare, Inc., Waupun Memorial Hospital, Wisconsin Department of Corrections, Waupun Correctional Institution, and Wisconsin Department of Justice be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Defendant pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such

service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3);

**IT IS FURTHER ORDERED** that Defendant shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined; and

**IT IS FURTHER ORDERED** that, pursuant to the Prisoner E-Filing Program, Plaintiff shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is in effect at Dodge Correctional Institution, Green Bay Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility and, therefore, if Plaintiff is no longer incarcerated at any of these institutions, he will be required to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge